THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. SAMUEL WALLACE, PLAINTIFF IN ERROR.

Decided June 25, 1926.

### Crimes—Perjury—Alleged False Swearing Before Grand Jury—Indictment Charge Supported by Testimony of Only One Witness—No Corroborative Testimony—Judgment Reversed.

On error to the Cumberland County Quarter Sessions Court.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the plaintiff in error, *H. Byron Lore.*

For the defendant in error, *Thomas G. Tuso.*

PER CURIAM.

The plaintiff in error was convicted in the Cumberland County Court of Quarter Sessions Court of the crime of perjury, upon which conviction he was sentenced to imprisonment at hard labor in the state prison for a period not less than one year and not more than two years. The indictment charged that the plaintiff in error, the defendant below, "willfully, corruptly, falsely and knowingly," in an investigation before a Cumberland county grand jury, "depose and swear, among other things, in substance and to the effect, that is to say, 'I never purchased any liquor from Luther Garton for beverage purposes, neither have I seen any other person purchase liquor for beverage purposes from said Luther Garton', * * * whereas, in truth and in fact, the said Luther Garton had sold liquor for beverage purposes to the said Samuel Wallace, for one dollar per pint, and the said Samuel Wallace had purchased liquor for beverage purposes from the said Luther Garton, paying therefor one dollar

per pint, as the said Samuel Wallace then and there very well knew."

Samuel Swift is the only witness produced by the state who testified that he saw the defendant twice at his house, where Garton lived, once in the month of July and once in the month of August, and on each of those occasions he, Swift, saw the defendant get a pint of liquor from Garton and saw the former pay one dollar for the same to Garton. There is not the slightest corroboration of Swift's testimony that the defendant purchased any liquor of Garton; Swift testified that his wife was present, but she denies that she saw on either occasion any liquor purchased of Garton by the defendant. All the witnesses to whom the witness Swift refers as having been present on the occasion when he says the defendant purchased the liquor of Garton deny all knowledge of any such transactions. For the state it is claimed that there is corroboration of the facts that the defendant purchased liquor from Garton, because the defendant testified that he had purchased many pints of liquor from the witness Swift. Swift was not recalled by the state in denial of this statement, thereby leaving its truth unchallenged. In what respect, therefore, the fact that the defendant admitted that he bought many pints of liquor of the witness Swift was corroborative of Swift's assertion that he was present on two occasions when he saw the defendant purchase liquor of Garton, has not been made plain to me.

It is quite evident that the admission of the defendant that he purchased liquor of Swift could not be helpful in supplying legal force to Swift's testimony that he saw Garton sell liquor to the defendant. The material issue in the case was, did the defendant testify falsely in the proceedings had before the grand jury when he testified: "I never purchased any liquor from Luther Garton for beverage purposes, neither have I seen any other person purchase liquor for beverage purposes from Luther Garton."

As has already been pointed out, the only witness whose testimony challenges the truth of this statement is Samuel Swift.

The admission by the defendant that he purchased liquor of Swift can in no sense be said to be corroborative of the statement of the former that he was present when liquor was purchased by the defendant of Garton, and, hence, Swift's testimony stands alone upon which the falsity of the defendant's statement to the grand jury is founded, and, as a result of lack of corroboration, the defendant was entitled to a direction of an acquittal by the jury. The testimony adduced was clearly insufficient to establish willful and corrupt perjury.

See *State* v. *Lupton,* 4 *N. J. Adv. R.* 1256, in which opinion the character and proof necessary to constitute corroborative evidence of the testimony of a single witness to establish perjury is discussed and decided.

For the reasons stated the judgment is reserved.